(No. 5010. November 9, 1928.)

EDWARD C. BUTLER, as Administrator of the Estate of CHARLES J. HALL, Deceased, Respondent, v. HULDA M. BROCKMAN, Appellant, and FRANK E. WYATT, Cross-plaintiff and Respondent.

[271 Pac. 927.]

14

J. H. Forney and Guy W. Wolfe, for Appellant.

James F. Ailshie, Edward C. Butler and A. S. Hardy, for Respondents.

BUDGE, J.—Brockman and wife executed and delivered to Wyatt a $15,000 note secured by real estate mortgage. Brockman died, and Wyatt borrowed some money from Mrs. Brockman. He gave her his notes, and as security indorsed and transferred to her the $15,000 note, assigning her also the incident mortgage. Later, he borrowed money from one Hall, the plaintiff, gave him his notes and as security assigned to him, subject to the assignment to Mrs. Brockman, all his right, title and interest in and to the said $15,000 note and mortgage. Wyatt's notes to Hall fell due, and the $15,000 note having also become due, Hall brought suit to foreclose the mortgage security. Hall plead that he was the assignee of said note and mortgage, holding the same as collateral to secure Wyatt's indebtedness to him. He plead that Brockman was dead and that his estate was in process of settlement in the probate court, that Mrs. Brockman was in possession of and claiming some interest in the note and mortgage sought to be foreclosed, but that such right was inferior to his; and that he had demanded of her payment of the money loaned Wyatt, that such payment had been refused; and he prayed judgment against her for such amount, and that the mortgage be foreclosed to make such amount, attorney's fees and costs, and for general relief as to Wyatt's interest in the contemplated foreclosure.

Before summons had been served, Mrs. Brockman brought suit to foreclose the mortgage securing the said $15,000 note held by her as security aforesaid. She joined as defendants Brockman's administrator and the only heir beside herself.

She joined neither Hall nor Wyatt. Hall's attorney soon requested and was given a copy of the complaint. He thereafter appeared in Mrs. Brockman's action, by motion requesting that her cause be consolidated with his already pending suit. The motion was denied. She secured judgment of foreclosure, which was entered October 18, 1922. Sale was had on November 15, 1922, Mrs. Brockman bidding in the property for $7,715.59. Sheriff's deed was issued Mrs. Brockman November 16, 1923. Ten days later Hall filed an amended complaint, setting up the assignment to Mrs. Brockman, and specifically pleading his own assignment as subject to hers. He then plead as new matter Mrs. Brockman's foreclosure suit, the consequent sale and sheriff's deed, his offer to redeem and accompanying tender of November 10 and 14, 1923, and Mrs. Brockman's refusal to accept his tender. He then plead that Mrs. Brockman be required to accept his redemption tender, and account to him for the use and occupation of the property since the issuance of the deed, that he recover of her $2,500 damages, that she be required to deed him the property, and that his title thereto be quieted as against Wyatt and all persons claiming under him.

The defendant, Mrs. Brockman, moved to strike the amended complaint from the files, principally because it sought to set up an entirely new and different cause of action. She also demurred generally and specially, all of which motions and demurrers were denied and overruled. She then answered.

On January 2, 1926, defendant Wyatt filed his answer and cross-complaint against Mrs. Brockman, admitting a limited indebtedness to Hall, adopting all the new matter in Hall's amended complaint and setting up in addition that Mrs. Brockman secured the foreclosure judgment without the knowledge or consent of either himself or Hall; that in fraud of both of them she had not presented a claim to Brockman's administrator, although the estate was abundantly solvent, but had waived recourse against his estate, had secured judgment, not for the full amount due on the

$15,000 note but only for the amount due her from Wyatt; had bid in the property worth $30,000 for such collaterally secured debt; that the judgment awarded her was null and void and that defendant owed him $1,375 wages earned between October, 1918, and December 31, 1919. He prayed that he be allowed a set-off for such wages upon the amount he owed defendant, that she be required to accept the tender which he had alleged Hall had made on behalf of them both, that the said judgment sale and sheriff's deed be "vacated, set aside and held for naught," and that Mrs. Brockman be required to deed said premises to either Hall or himself subject to the rights of each therein; that she be further required to account for rents and profits and that he also recover of her $2,500 damages caused by her rejection of the tender. Defendant interposed similar motions and demurrers as to Hall's amended complaint, which were denied and overruled. Defendant then answered.

The cause was tried to the court, and defendant moved both to dismiss and for nonsuit, which motions were denied. At the close of the trial, May 6, 1926, the court made an order permitting plaintiff, Hall, to amend his amended complaint to conform to the proof by interlineation, so as to include the new matter additionally plead by cross-complainant Wyatt.

The court found substantially for Hall and Wyatt, except that it upheld the Brockman judgment and proceedings based thereon. The decree directed the defendant to accept the tender, and deed the property to the administratrix of Hall, who had been substituted as plaintiff on Hall's decease.

Mrs. Brockman has appealed, and both plaintiff and cross-complainant have appealed from that part of the judgment which refused to vacate and set aside the foreclosure proceedings, as well as from that part of the judgment awarding defendant as redemption money a sum in excess of what cross-appellants claim she was entitled to. The second item complained of in the cross-appeal may be disposed of at once. The court awarded and required defendant to

take as redemption money the exact sum both cross-appellants had declared due her, had tendered her, and had asked the court to compel her to accept. If there was error, they had invited it.

The pleadings and proceedings have been set forth, from which it will appear that we have before us a confused and irreconcilable record, so far as the pleadings and some part of the proceedings are concerned. The state of the record is such in this respect that we have concluded to disregard many technical objections urged thereto, and go direct to the merits of the case. However, it may be well at this point to pass upon the contention made by appellant that the court erred in overruling appellant's motion to strike the amended complaint from the files and in overruling appellant's demurrers to the amended complaint. We think the court correctly denied both the motion to strike and the demurrers. The action is between the same parties, involves the same subject matter, seeks the same ultimate relief, and is not entirely foreign to the original action, but the identity of the subject matter upon which the action is founded is preserved and arises out of the same general state of facts. Appellant was not taken by surprise and could suffer no possible injury by reason of the filing of the amended complaint. Likewise we have concluded that the trial court did not err in overruling appellant's motion to strike the cross-complaint of Wyatt or in overruling the demurrer thereto.

We shall consider the action of the trial court in refusing to set aside and vacate the foreclosure proceedings brought by Mrs. Brockman, in which she obtained a judgment and decree by virtue of which she sold the property mortgaged by herself and husband to Wyatt. She held the notes and mortgage for $15,000 as collateral security for the loans made by her to Wyatt; to be resorted to in the event Wyatt did not repay her the money borrowed. In other words, she held the notes and mortgage for $15,000 as a pledge, and the relationship between Wyatt and herself was that of pledgor and pledgee. She did not make

Wyatt a party to the foreclosure proceedings, nor did she, prior to bringing the foreclosure action, make demand upon Wyatt to pay the obligation due her and for which she held the notes and mortgage as a pledge. C. S., sec. 6397, provides:

"Before property pledged may be sold, and after performance of the act for which it is security is due, the pledgee must demand performance thereof from the debtor, if the debtor can be found."

There is no showing that Wyatt could not be found, so as to render demand unnecessary.

Compliance with the code provisions is essential, and failure to observe them may invalidate the sale, where the property is sold without notice of the sale as required, and for a small part of its value, and the circumstances surrounding the sale are such as to show a lack of good faith on the part of the pledgee.

Wyatt was indebted to Mrs. Brockman in approximately the sum of $8,284.26, including interest and attorney fees. The property covered by Wyatt's mortgage the trial court found to be of the value of $27,000. It further appears that no computation was made to determine the total amount due from Brockman and appellant on the $15,000 mortgage. Mrs. Brockman bought in the property for the amount due her. She filed no claim against the Brockman estate and waived any claim against said estate, thereby seeking to acquire the property covered by the $15,000 mortgage executed and delivered by herself and husband to Wyatt for the amount of indebtedness owing her by Wyatt. Hall was not made a party to the foreclosure action of Mrs. Brockman, although she had actual notice of the assignment of the $15,000 notes and mortgage by Wyatt to Hall subject to her assignment. She made no demand upon Hall to pay off her prior claim.

It further appears that the Brockman estate in Oregon, at and prior to the foreclosure proceedings brought by Mrs. Brockman, had a reasonable value of $90,000, and there was a clear equity, as found by the court, of approximately

$40,000; that the time for presenting claims against said estate in Oregon did not expire until long after the judgment and decree were entered in her foreclosure suit; that her husband, Walter S. Brockman, left an estate in Idaho other than the property described in the mortgage, and that the estate was solvent and the time for filing claims against said estate did not expire for more than eight months after the assignment to her of the $15,000 notes and mortgage by Wyatt. The trial court found that the judgment of foreclosure secured by Mrs. Brockman was without the knowledge of either Hall or Wyatt; that all of said acts and things done by her in respect to her foreclosure of said $15,000 notes and mortgage and her refusal to make Hall and Wyatt defendants thereto, her attempted waiver of said deficiency and claim against the estate of Walter S. Brockman, and her act in selling the property, withholding the same from Hall and Wyatt, and her denial of their rights thereto, and her failure to make any demand upon the pledgor to perform the conditions of said pledge, and all the acts and things mentioned as being done by her were done and performed for the purpose of defrauding Wyatt and Hall out of their rights and for the purpose of preventing them from securing title to said property or to a payment of the obligation of Walter S. Brockman.

It further appears that both Wyatt and Hall, for their joint benefit, after the decree of foreclosure and sale of the property by Mrs. Brockman, made tender to her, and later deposited in court to be paid to her, $8,284.26, totaling the amount of her claim for loans made to Wyatt together with interest thereon, attorney fees for the foreclosure of the mortgage, and costs of court, which said amount Mrs. Brockman refused to accept. In such circumstances and in view of all the facts, the court did not err in finding that the acts and things done by Mrs. Brockman were done and performed for the purpose of defrauding both Wyatt and Hall of their rights and in preventing them from securing either title to the property or payment of the obligation of Walter S. Brockman to Wyatt.

In upholding the foreclosure and sale, which resulted in a sheriff's deed being executed and delivered to Mrs. Brockman purporting to convey the title to said premises, she would in any event hold the same in trust and as a pledge to secure the sums due her from Wyatt, and the lands would be substituted for the notes given her by Wyatt collateraled by the $15,000 notes and mortgage, and upon payment to her of the amount of indebtedness due her it would be incumbent upon her to restore the pledged property. Not having the collateral but taking in lieu thereof the land substituted for the collateral, it was therefore proper to require her by proper conveyance to restore the land as directed by the trial court, and upon her failure so to do within the time directed in the judgment, to direct the clerk of the district court to execute such conveyance. The trial court did not err in directing said conveyance to be made to Matilda H. Hall, as administratrix of the estate of Charles J. Hall, deceased, subject to the right of Wyatt to redeem the property within the time and upon the conditions set forth in the judgment. Inasmuch as, pending the disposition of the case in this court, Matilda H. Hall has died and Edward C. Butler has been substituted as administrator of the estate of Charles J. Hall, deceased, the conveyance above referred to should be made to Butler, in his representative capacity, subject to the same terms and conditions.

The judgment is affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Givens and Taylor, JJ., concur.

Petition for rehearing denied.